**Hardip SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71452.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 06, 2006.*

Filed Nov. 09, 2006.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.     R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Hardip Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

First, we conclude that Singh's testimony that there were no elections except at the village level from 1992 to 1996 does not support the adverse credibility determination. The country conditions report referenced by the IJ describes two by-elections during this period, but Singh's lack of knowledge about these by-elections in districts other than his own does not go to the heart of his claim. *See Rajinder Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled.").

Second, Singh's statement that he was a lower level secretary in the Akali Dal Mann after he testified that he was an ordinary member is not substantial evidence supporting the adverse credibility determination because the IJ failed to give Singh a reasonable opportunity to explain the discrepancy she perceived. *See Jarnail Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir.2005) ("Where an asylum applicant is denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony, the IJ's doubt about the veracity of her story ... cannot serve as a basis for the denial of asylum." (internal quotation marks and citation omitted)).

Finally, the IJ's statement that Singh's uncle would not have arranged his release after both arrests is impermissible speculation. *See Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir.2004).

Accordingly, we remand for the agency to consider the merits of Singh's asylum, withholding of removal, and CAT claims, accepting his testimony as true. *See INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *He v. Ashcroft*, 328 F.3d 593, 603–04 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.